

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-14-00066-CR &
06-14-00067-CR

WILLIAM JASON PUGH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court Nos. 22,041-2013 & 22,042-2013

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

William Jason Pugh was convicted by a Wood County jury of two counts of aggravated sexual assault of a child and sentenced to life imprisonment on each count. Pugh's consolidated appellate brief was filed October 30, 2014, making the State's brief due December 1. On November 19, the State filed a motion to abate these appeals under Rule 34.6(e) of the Texas Rules of Appellate Procedure, claiming an inaccuracy in the exhibits accompanying the reporter's record filed in these matters. More specifically, the State complains that three DVDs marked as State's Exhibits Nos. 1, 2, and 3 and containing the audio/video-recorded Child Advocacy Center interviews of the victim in these cases and of two other sexual assault victims, were improperly excluded from the appellate record. The three DVDs were unquestionably marked as exhibits during the pre-trial conference, and it appears that the trial court reviewed some, though not all, of these three videos during the evidentiary hearing required by Article 38.37, Section 2-a of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a (West Supp. 2014). According to the State, because Pugh's appellate brief challenges the sufficiency of the State's evidence to support the trial court ruling under Article 38.37, Section 2-a, it is now critical to correct the omission of these exhibits from the reporter's record.

Pugh filed a response in which he contends that the subject videos were not recorded by a court reporter and then maintains, incorrectly, that the trial court did not review any portion of the videos during the Article 38.37, Section 2-a hearing. Finally, Pugh argues that the videos were not admissible as evidence at trial because the requirements of Article 38.071 of The Texas

Code of Criminal Procedure were not met and that, as a result, the DVDs should not be part of the appellate record. Pugh appears to be arguing that the State is attempting, on appeal, to re-open the record and introduce new evidence.

Pugh's response appears to misconstrue the substance of the State's motion. It is clear from the record in these matters that the three DVDs marked as State's Exhibits 1, 2, and 3 were neither introduced nor admitted into evidence during the trial of this matter, and the State concedes this point in its motion. It is equally clear, however, that some portion of one or more of the DVDs was reviewed by the trial court during the pre-trial Article 38.37, Section 2-a hearing, and, as Pugh himself points out, there is also a suggestion that the trial court may have even further reviewed the DVDs *in camera*, with the full consent of the attorneys for both sides. It would appear from the record that the purpose of marking the DVDs as exhibits was to ensure that they were included as part of the appellate record in case Pugh challenged the propriety of the trial court's ruling under Article 38.37, Section 2-a, as he has, in fact done in these appeals.

Rule 34.6(e) of the Texas Rules of Appellate procedure establishes procedures for correcting inaccuracies in a reporter's record. Rule 34.6(e) states,

(e) *Inaccuracies in the Reporter's Record.*
(1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.
(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and a hearing—settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

3

(3) **Correction After Filing in Appellate Court.** If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must proceed as under subparagraph (e)(2).

TEX. R. APP. P. 34.6(e). In these cases, there is clearly a dispute over the accuracy of the reporter's record, and the trial court is the appropriate venue for resolution of this issue. Consequently, we grant the State's motion to abate these appeals and abate these matters to the trial court for an evidentiary hearing under Rule 34.6(e). As an initial matter, the trial court should determine whether the reporter's record is inaccurate. If it is not, then the court should simply enter a finding to that effect. If the trial court finds that the record is inaccurate, then, in accordance with the dictates of Rule 34.6(e)(2), "it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." TEX. R. APP. P. 34.6(e)(2).

This hearing shall occur within twenty-one days of the date of this order. The trial court's findings shall be entered into the record of these cases and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. The reporter's record of the hearing shall also be filed in each case in the form of a supplemental reporter's record within fifteen days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records and, if necessary, the corrected reporter's records.

4

IT IS SO ORDERED.

BY THE COURT

Date: November 26, 2014